91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Regonald D. PHILLIPS, Plaintiff-Appellant,
v.
Ernest PALUBICKI; Michael Peters; Lawrence Marquez,
Defendants-Appellees.
 No. 95-55507.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Regonald D. Phillips, a California state prisoner, appeals pro se the district court's judgment following a jury verdict in favor of correctional officers Ernest Palubicki, Michael Peters, and Lawrence Marquez (collectively "defendants") in Phillips's 42 U.S.C. § 1983 action alleging that the defendants used excessive force during an altercation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Here, the district court granted the defendants' motion in limine to exclude "[a]ny complaints of misconduct, investigation of these complaints, any discipline imposed as a result of these complaints, any prior or subsequent civil lawsuits, any prior or subsequent CDC 602 reports, and prior or subsequent CDC 115 reports, or any evidence relating to either of the above-mentioned items involving any of the [defendants]." To the extent that Phillips contends that the district court erred by excluding this evidence, we review for abuse of discretion. Heyne v. Caruso, 69 F.3d 1475, 1478 (9th Cir.1995).
 
 
 4
 "Character evidence is normally not admissible in a civil rights case." Gates v. Rivera, 993 F.2d 697, 700 (9th Cir.1993) (citation omitted); see also Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Here, the questions to be resolved at trial were whether the defendants acted with deliberate indifference and whether their use of force was excessive. The defendants' past conduct did not bear on these issues. See Gates, 993 F.2d at 700. Phillips also failed to show that the evidence of past investigations or discipline could in any way prove the defendants' "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" in the alleged violation of his constitutional rights. See Fed.R.Evid. 404(b). Furthermore, any subsequent measures taken with regard to complaints of misconduct amount to remedial actions and are inadmissible. See Maddox v. City of Los Angeles, 792 F.2d 1408, 1417 (9th Cir.1986).
 
 
 5
 Accordingly, the district court did not abuse its discretion by granting the defendants' motion in limine to exclude evidence. See Heyne, 69 F.3d at 1478.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3